UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLIE NICHOLE STOCK,

        Petitioner,

v.

JEREMY HOWARD,

        Respondent.

_____/

Case No. 2:25-cv-11588

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
GRANTING PETITIONER'S MOTION TO
STAY [2], AND ADMINISTRATIVELY CLOSING CASE**

Petitioner Kellie Nichole Stock is in the custody of the Michigan Department of Corrections and currently incarcerated at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan. She filed a *pro se* habeas petition under 28 U.S.C. § 2254, challenging her jury-based convictions and sentence. ECF No. 1. On the same day she filed her petition, Petitioner filed a motion to stay the case and hold the petition in abeyance to allow her to exhaust state court remedies. ECF No. 2. For the reasons stated below, the Court will grant the motion and administratively close the case.

I.

In 2017, Petitioner was convicted by a Wayne County jury of reckless driving causing death, Mich. Comp. Laws § 257.626(4); operating a motor vehicle while intoxicated causing death, Mich. Comp. Laws § 257.625(4)(a); operating a motor vehicle while license suspended, revoked, or denied, causing death, Mich. Comp.

1

Laws § 257.904(4); first-degree fleeing and eluding, Mich. Comp. Laws § 257.602a(5); second-degree fleeing and eluding, Mich. Comp. Laws § 257.602a(4)(a); reckless driving causing a serious impairment of a body function, Mich. Comp. Laws § 257.626(3); operating a motor vehicle while intoxicated causing a serious impairment of a body function, Mich. Comp. Laws § 257.625(5)(a); and operating a motor vehicle while license suspended, revoked, or denied, causing a serious impairment of a body function, Mich. Comp. Laws § 257.904(5). *See People v. Stock*, No. 340541, 2019 WL 7196905, at *1 (Mich. Ct. App. Dec. 26, 2019). Petitioner was sentenced, as a fourth-offense habitual offender, *see* Mich. Comp. Laws § 769.12, to concurrent terms of 19 to 50 years' imprisonment for each of her convictions. *Stock*, 2019 WL 7196905, at *1.

Petitioner appealed her convictions and sentence to the Michigan Court of Appeals. The state court reversed her convictions for operating a motor vehicle while license suspended causing death and operating a motor vehicle while license suspended causing a serious impairment of a body function. *Id* at *17. In all other respects, the court of appeals affirmed her convictions. *Id.* at *1.

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. In lieu of granting leave to appeal, the Michigan Supreme Court reversed Petitioner's convictions for operating a motor vehicle while intoxicated causing death and operating a motor vehicle while intoxicated causing a serious impairment of a body function because they were not supported by sufficient evidence. *People v. Stock*, 961 N.W.2d 214, 215 (Mich. 2021). The Michigan Supreme Court remanded to the

trial court for a determination whether Petitioner was entitled to resentencing given that four of her eight convictions were vacated. *Id.*

On remand, the trial court resentenced Petitioner to 15 to 40 years for each of her four remaining convictions. *See People v. Stock*, No. 364193, 2023 WL 6782567, at *3 (Mich. Ct. App. Oct. 12, 2023). The Michigan Court of Appeals affirmed Petitioner's convictions and sentence. *Id.* at *13. The Michigan Supreme Court denied Petitioner's application for leave to appeal on March 1, 2024. *People v. Stock*, 513 Mich. 1013 (Mich. 2024).

Petitioner filed her petition and motion for stay on May 21, 2025.

II.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state prisoner seeking federal habeas relief generally must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is grounded in the principle of comity. "[I]t affords due respect to the operations of state courts by ensuring that a federal court will 'not seek to upset a state court conviction on the basis of an alleged constitutional violation that the state court never had an opportunity to correct.'" *Johnson v. Bauman*, 27 F.4th 384, 388 (6th Cir. 2022) (quotation omitted). A habeas petitioner bears the burden of proving her exhaustion of state court remedies. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

Petitioner acknowledged that she has not exhausted her state court remedies. She sought a stay to allow her to exhaust her claims without risking expiration of

AEDPA's one-year limitations period. A prisoner who has not yet exhausted state court remedies but is concerned the statute of limitations will expire during the pendency of state-court collateral review proceedings may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). A stay may be granted provided there is good cause for failure to exhaust and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277.

Petitioner is correct to be concerned about the statute of limitations. The Michigan Supreme Court denied her application for leave to appeal on March 1, 2024. *People v. Stock*, 513 Mich. 1013 (Mich. 2024). Petitioner's conviction became final on May 30, 2024, when the time for filing a petition for a writ of certiorari expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when petitioner does not seek certiorari review, judgment becomes final at "expiration of the time for seeking such review"). The one-year limitations period commenced the following day, May 31, 2024. *See Bronaugh v. Ohio*, 235 F.3d 280, 284–85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for writ of certiorari is not counted toward the one-year limitations period). The limitations period continued to run until May 21, 2025, when Petitioner filed this petition. At the time she filed the petition, only 10 days remained on the statute of limitations. The Court finds that outright dismissal of the petition would jeopardize the timeliness of a future habeas petition.

4

Petitioner's claims do not appear to be "plainly meritless." *Rhines*, 544 U.S. at 278. Further, Petitioner asserts that she did not raise these claims in the state courts due to the ineffective assistance of appellate counsel. *See* ECF No. 2, PageID.30–31. A state court remedy is available because she has yet to file a motion for relief from judgment under Michigan Court Rule 6.500. There is no indication that Petitioner is attempting to unfairly delay this case or the state court proceedings.

When a district court determines that a stay is appropriate, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay, the Court imposes time limits within which she must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must file a motion for relief from judgment in the state trial court within 60 days of the date of this order. Further, Petitioner must ask this Court to lift the stay within 60 days of exhausting her state court remedies. *Id.* If the conditions of the stay are not met, the stay may later be vacated as of the date the stay was entered, and the petition may be dismissed. *Id.* at 781.

While the case is pending in state court, the Court will administratively close the case because the Court anticipates the case will lie dormant for many months while Petitioner pursues her claims at each level of Michigan's criminal justice system. "Administrative closures are a tool of docket management. Existing outside the Federal Rules of Civil Procedure, administrative closures primarily serve as a method to shelve pending, but dormant, cases." *Rodriguez v. Hirshberg Acceptance*

5

*Corp.*, 62 F.4th 270, 274 (6th Cir. 2023) (citation modified). Petitioner may move to reopen the case after exhausting all claims in state court.

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's motion to stay [2] is **GRANTED**, the case is **STAYED**, and further proceedings are held in abeyance subject to the conditions detailed above.

**IT IS FURTHER ORDERED** that Petitioner must **FILE** a motion for relief from judgment in the state trial court **within 60 days of the date of this order**. Petitioner must **ASK** this Court to lift the stay **within 60 days of exhausting her state court remedies.**

**IT IS FURTHER ORDERED** that that the Clerk of Court must **ADMINISTRATIVELY CLOSE** the case during the pendency of the stay.

**SO ORDERED.**

                                               s/ Stephen J. Murphy, III
                                               STEPHEN J. MURPHY, III
                                               United States District Judge

Dated: July 14, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 14, 2025, by electronic and/or ordinary mail.

                                               s/ R. Loury
                                               Case Manager